USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULICES RAMALES,

                    Plaintiff,

          -against-

IRINA VALERYEVNA SHAYKHLISLAMOVA,

                    Defendant.

---

1:24-cv-3729-MKV

**ORDER DENYING MOTION
FOR ENTRY
OF DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this copyright infringement action by filing a complaint on May 15, 2024. [ECF No. 1.]  Thereafter, Plaintiff filed on the docket affirmation of service on Defendant.  [ECF No. 8.  When Defendant did not appear or file a response to the complaint, the Clerk of Court issued a Certificate of Default and Plaintiff moved for default judgment. [ECF Nos. 14, 17]. After review of Plaintiff's motion, the Court issued an order scheduling a default judgment hearing for May 13, 2025. [ECF No. 23]. Subsequently, Defendant filed a letter on the docket requesting that the Court adjourn the upcoming hearing to permit her time to obtain counsel. [ECF No. 27].

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

Instead, an entry of a default judgment is in the sound discretion of the trial court. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

Here, the Defendant has appeared and stated her intent to obtain counsel and defend herself in this case, allowing the Court to resolve this dispute on the merits. [ECF No. 27].

Accordingly, Plaintiff's motion for entry of a default judgment is DENIED and the default hearing scheduled for May 13, 2025 is HEREBY ADJOURNED *sine die*.

IT IS FURTHER ORDERED that Plaintiff shall serve this order on Defendant promptly and properly. While the Court takes no position on the propriety of past service in this case, Plaintiff is on notice with respect to the further prosecution of this case that, in a phone call, Defendant represented to Chambers that the address included in the affirmations of service on the docket is not her address.

**The parties are reminded that failure to comply with this Order or with any order of the Court or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or their discovery or other obligations may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 17.

**SO ORDERED.**

Date:  **May 12, 2025**　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　**New York, NY**　　　　　　　　　　**United States District Judge**