USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ULICES RAMALES,

Plaintiff,

-against-

IRINA VALERYEVNA SHAYKHLISLAMOVA,

Defendant.

1:24-cv-3729-MKV

**ORDER DENYING MOTION
FOR DEFAULT JUDGMENT**

---

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint on May 15, 2024. [ECF No. 1]. Thereafter, Plaintiff filed on the docket an affirmation of service on Defendant. [ECF No. 8]. When Defendant did not timely appear or file a response to the Complaint, at Plaintiff's request, the Clerk of Court issued a Certificate of Default. [ECF Nos. 14]. Thereafter, Plaintiff moved for default judgment. [ECF No. 17]. Prior to the scheduled default judgment hearing, Defendant filed a letter on the docket requesting that the Court adjourn the hearing to permit her time to obtain counsel. [ECF No. 27]. In light of Defendant's appearance and desire to defend the case on the merits, the Court denied Plaintiff's motion for entry of a default judgment. [ECF No. 30].

Three months after the Court's Order, Defendant's counsel had not filed a notice of appearance and Defendant had not answered the Complaint. Thus, Plaintiff filed a second motion for entry of default judgment. [ECF No. 35]. On December 18, 2025, the Court scheduled a hearing on Plaintiff's second motion for a default judgment for January 27, 2026. [ECF No. 41]. On January 25, 2026, counsel for Defendant filed a notice of appearance, [ECF No. 43], and requested that the Court adjourn the hearing on Plaintiff's second motion for a default judgment. [ECF No. 45]. The Court subsequently adjourned the hearing and ordered Plaintiff to advise the Court whether, in light of Defendant's appearance, he intended to withdraw his motion for default

judgment.  [ECF No. 46].  The Court is in receipt of Plaintiff's letter informing the Court that he does not intend to withdraw his motion.  [ECF No. 47].

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).  Instead, an entry of a default judgment is in the sound discretion of the trial court. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

Here, counsel for Defendant has now appeared and has indicated an intent to defend the case, which will allow the Court to resolve this dispute on the merits.  [ECF No. 45].

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for entry of a default judgment is DENIED without prejudice and the default hearing scheduled for February 17, 2026 is HEREBY ADJOURNED *sine die*.

IT IS FURTHER ORDERED that Defendant shall file a responsive pleading within 30 days of this Order.  If Defendant fails to fulfill its obligations (including responding to the operative Complaint and participating at a Rule 26(f) conference), Defendant will be subject to sanctions which may include monetary sanctions on Defendant and/or on counsel, and/or preclusion of evidence, or preclusion of a defense and renewal of Plaintiff's motion for default.

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate docket entry 35.

**SO ORDERED.**

**Date:   February 12, 2026          MARY KAY VYSKOCIL**
**New York, NY                United States District Judge**

3